Dear Judge Barbera:
You requested an Attorney General's opinion regarding the payment of medical insurance premiums for a person who has retired from employment by the 17th Judicial District Court ("Court"). You indicate that employees of the Court are paid by the Parish Governing Authority as pay agent, but the Parish is completely reimbursed for all salary and benefits paid to Drug Treatment Court ("Drug Court") employees.
The employee in question worked in the public school system of Lafourche Parish for many years prior to joining the Court as Director of the Drug Court. While employed by the Drug Court, the employee enrolled in State Employees Group Benefits, the medical insurance program offered to State employees. After her retirement, the employee continued to participate in Group Benefits, and the Parish, as payroll agent, was notified to begin payment of the employer's share of the employee's medical insurance premium. After paying for several months, the Parish notified the Court that it is not responsible for this expense and that the Court or some other agency would have to make these payments in the future. The Parish is also seeking reimbursement of the retirement benefits already paid. You advise that the Drug Court Administrator in the Supreme Court's Judicial Administrator's Office notified the Drug Court that it cannot use drug court funds distributed to the Court by the Supreme Court to pay this expense.
Your questions, under these circumstances, are who should pay the employer's share of the medical insurance premium? The Court, using the funds allocated for operation of the Drug Treatment Court? The State, because the employee was a state employee? Should the payment be prorated between the Court and the employee's previous employer?
According to the Office of Group Benefits ("OGB"), where medical insurance is offered to retirees, OGB provides coverage to the retired employee through the group plan in place for active employees. OGB then bills the employer for the employer's portion of the retiree's benefits. In this case it appears that the Court is the employer. The Drug Court is operated by the Court. La.R.S. 13:5301 allows the creation of a program "to
 ATTACHMENT
Dear Judge Barbera:
You requested an Attorney General's opinion regarding the payment of medical insurance premiums for a person who has retired from employment by the 17th Judicial District Court ("Court''). You indicate that employees of the Court are paid by the Parish Governing Authority as pay agent, but the Parish is completely reimbursed for all salary and benefits paid to Drug Treatment Court ("Drug Court") employees.
The employee in question worked in the public school system of Lafourche Parish for many years prior to joining the Court as Director of the Drug Court. While employed by the Drug Court, the employee enrolled in State Employees Group Benefits, the medical insurance program offered to State employees. After her retirement, the employee continued to participate in Group Benefits, and the Parish, as payroll agent, was notified to begin payment of the employer's share of the employee's medical insurance premium. After paying for several months, the Parish notified the Court that it is not responsible for this expense and that the Court or some other agency would have to make these payments in the future. The Parish is also seeking reimbursement of the retirement benefits already paid. You advise that the Drug Court Administrator in the Supreme Court's Judicial Administrator's Office notified the Drug Court that it cannot use drug court funds distributed to the Court by the Supreme Court to pay this expense.
Your questions, under these circumstances, are who should pay the employer's share of the medical insurance premium? The Court, using the funds allocated for operation of the Drug Treatment Court? The State, because the employee was a state employee? Should the payment be prorated between the Court and the employee's previous employer?
According to the Office of Group Benefits ("OGB"), where medical insurance is offered to retirees, OGB provides coverage to the retired employee through the group plan in place for active employees. OGB then bills the employer for the employer's portion of the retiree's benefits. In this case it appears that the Court is the employer. The Drug Court is operated by the Court. La.R.S. 13:5301 allows the creation of a program "to *Page 2 
facilitate the creation of alcohol and drug treatment divisions in the various district courts of this state." Further, as you indicated, the Court reimburses the Parish for all salary and benefits paid to Drug Court employees.
According to OGB, the last employer of a retiree is required to pay the employer's share of medical insurance premiums. The Court, as the last employer, would therefore be responsible for paying the employer's portion of the insurance premiums. The source of funds the Court uses to make the required payments is up to the Court. We see no legal reason why funds distributed to the Court for the operation of the Drug Court can't be used to pay the medical insurance premiums of a retired employee of the Drug Court. The payment of benefits of Drug Court employees is an expense of operating the Drug Court. However, the obligation of the Court to pay these benefits is not contingent upon receiving Drug Court funding from the Supreme Court. Further, we note that, although the funds currently used to operate the Drug Court are distributed by the Louisiana Supreme Court, that does not impose an obligation on the Supreme Court to pay the benefits of Drug Court employees or retirees.
Trusting this adequately responds to your request, we remain
Yours very truly,
CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY:
KENNETH L. ROCHE, III
Assistant Attorney General